United States District Court
Middle District of Florida
Jacksonville Division

**ROBERT W. JOHNSON,**

    *Plaintiff,*

v.                               **NO. 3:24-cv-1139-MMH-PDB**

**ALMUS OLVER TOWERS &**
**SYRACUSE HOUSING AUTHORITY,**

    *Defendants.*

## Report and Recommendation

The plaintiff, a New York resident, sues two New York residents, contending the events giving rise to his claim or claims occurred in New York.* Doc. 1. He proceeds with a purported lawyer named "Willie Johnson" with bar number "999999" from an unidentified state and applies to proceed without prepaying fees or costs. Doc. 2.

The plaintiff alleges, "On 10/22/2024 Almus Olver Towers and Syracuse Housing Authority discriminated against Robert W[.] Johnson and denied Robert W[.] Johnson rights to admissions for property rental(s) and updates due to his race, age, sex, religion, retaliation, creed, education, work history and disabilities." Doc. 1 at 4. He demands $200 million for "discrimination" and $100 million for "breach of contracts." Doc. 1 at 5. With his complaint, he

---

*The plaintiff recently sued others in this district, including two cases against one of the defendants in this action. *See* Case Nos. 8:19-cv-2103-CEH-AAS, 8:22-cv-1853-WFJ-AEP, 5:24-cv-607-WFJ-PRL, 3:24-cv-1064-HES-PDB, 6:24-cv-1941-PGB-DCI, 8:24-cv-2402-SDM-CPT, 8:24-cv-2525-TPB-AAS.

includes what appears to be an insurance claim in which he repeats the allegations of his complaint. Doc. 1-1 at 1.

The undersigned ordered the plaintiff to show cause why the Court should not dismiss the action without prejudice for improper venue. Doc. 4 at 2. The undersigned explained the law on venue and warned him that his failure to timely respond to the order and show cause may result in dismissal. Doc. 4 at 1–2.

The clerk mailed the order to two addresses the plaintiff provided in the complaint. *See* Doc. 1 at 2, 6. The mail to the first address was returned with the notations "FORWARD TIME EXP" and "RETURN TO SENDER" and included the second address as forwarding information. *See* Doc. 5 at 2. The plaintiff has filed nothing since the order.

A civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If a case is filed in the "wrong division or district," the court must dismiss the case or, if it is "in the interest of justice," transfer the case to a district or division where it could have been brought. *Id.* § 1406(a).

Under this law, venue in the Middle District of Florida is improper. No party resides here, Doc. 1 at 2, and the alleged events did not occur here, Doc.

2

1 at 4. By failing to respond to the order to show cause, the plaintiff has failed to show otherwise or that the interests of justice warrant transfer over dismissal. Moreover, no reason for transfer, like a statute-of-limitations concern, is apparent.

The undersigned therefore recommends:

(1) **dismissing the action without prejudice**; and

(2) **directing** the clerk to terminate the pending application to proceed without prepaying fees or costs, Doc. 2, and close the file.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to ... findings or recommendations ... in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**Ordered** in Jacksonville, Florida, on December 10, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:    The Hon. Marcia Morales Howard

       Robert W. Johnson
       214 Smith Rd., Apt. 4
       Syracuse, NY 13207

       Willie Johnson
       65 Sidney St.
       Buffalo, NY 14211